IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:06-CR-080-F-1
No. 5:13-CV-00133-F

**Daniel Leon Perry, Jr.**

                 Petitioner,

v.

**United States of America**,

                 Respondent.

**Memorandum & Recommendation**

Petitioner Daniel Leon Perry, Jr., proceeding under 28 U.S.C. § 2255, seeks to vacate, set aside, or correct his sentence ("Motion to Vacate"). D.E. 48. Perry argues that he is entitled to relief on two grounds: 1) *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) requires the court to re-sentence him without a career offender enhancement, and 2) the Fair Sentencing Act requires the court to recalculate his total offense level based on the marijuana equivalency of the amount of cocaine base Perry was convicted of distributing. The Government asks the court to dismiss Perry's motion under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure because it is untimely, equitable tolling does not apply, he voluntarily waived his right to collateral attack, and his sentence was appropriately calculated by the court. D.E. 50. Perry responds by claiming that equitable tolling would be appropriate in his case because *Simmons* represented a change in Fourth Circuit law that was so significant that it constituted an "extraordinary circumstance." D.E. 52.

After reviewing the docket and the arguments of the parties, the court determines that Perry's Motion to Vacate is untimely because it was filed more than one year from the date his conviction became final and that his other arguments are without merit.

Therefore, the undersigned recommends[1] that the court deny Perry's Motion to Vacate (D.E. 48) and grant the Government's Motion to Dismiss (D.E. 50).

## I. Background

Perry was indicted for distributing more than five grams of cocaine base (crack) on May 23, 2006. In August 2006, Perry entered a plea of guilty pursuant to a written plea agreement. D.E. 17. As a part of the plea agreement, Perry agreed, *inter alia*, to

> waive knowingly and expressly all rights . . . to appeal whatever sentence is imposed . . . reserving only the right to appeal from a sentence in excess of the applicable advisory Guideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea.

*Id.* at 1-2.

The court entered judgment against Perry on November 15, 2006. Under the Fourth Circuit's decision in *United States v. Harp,* 406 F.3d 242 (4th Cir. 2005), which governed the determination of career offender status at the time of Perry's sentencing, two of Perry's prior state court convictions qualified as convictions of either a crime of violence or a controlled substance offense for federal sentencing purposes.[2] As such, Perry received a "career offender" adjustment to his Criminal History Category, raising it from V to VI. Perry's Presentence Investigation Report ("PSR") ¶¶ 22, 44. This career offender adjustment did not affect Perry's offense level calculation because, based on the marijuana equivalency of his offense conduct, the

---

[1] The district court referred this matter to the undersigned United States Magistrate Judge for the entry of a memorandum and recommendation pursuant to 28 U.S.C. § 636(b)(1).
[2] According to Perry's Presentence Report ("PSR"), Perry was convicted of possession with intent to sell and deliver cocaine and possession with intent to manufacture marijuana in Vance County, North Carolina, serving as felony convictions of a controlled substance offense for federal sentencing purposes. *See* PSR ¶¶ 13, 15.

sentencing guideline already recommended an offense level of 34, which would have been the Chapter Four enhancement for career offenders.[3] *Id.* at ¶¶ 38-44.

Based on Perry's total offense level of 31 and his criminal history category of VI, Perry's sentencing guideline range was 188 to 235 months of imprisonment. The court sentenced Perry to 202 months of imprisonment. D.E. 23. Perry did not appeal his conviction or sentence, so his conviction became final on November 29, 2006. On June 16, 2009, Perry filed a motion seeking a reduction of his sentence under 18 U.S.C. § 3582 based upon the United States Sentencing Commission's decision to retroactively apply an amended sentencing guideline. D.E. 27. The district court denied this motion on June 29, 2009, because Perry was sentenced as a career criminal. D.E. 29. Perry unsuccessfully appealed the denial of his motion. *See United States v. Perry*, 353 F. App'x 798 (4th Cir. 2009).

On July 31, 2012, the court issued Standing Order 11-SO-3 appointing the Office of the Federal Public Defender to determine whether Perry (and inmates like him) was entitled to post-conviction relief pursuant to *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011). D.E. 42. Perry filed his Motion to Vacate with supporting argumentation on February 25, 2013 (D.E. 47), and filed the Motion to Vacate on the appropriate form on February 27, 2013 (D.E. 48). The Government responded to Perry's motion by filing a Motion to Dismiss.

**II.  Analysis**

    **A.  Standard of Review**

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum

---

[3] Perry received a three level downward adjustment for accepting responsibility, resulting in a total offense level of 31. PSR ¶¶ 38-46.

authorized by law." 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). "The Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions, or the [§ 2255 Rules], may be applied to" § 2255 proceedings. Rules Governing Section 2255 Proceedings, Rule 12.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N. Carolina v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). A complaint states a claim under 12(b)(6) if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In evaluating the complaint, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement [,] . . . unwarranted inferences, unreasonable conclusions, or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

In the context of a § 2255 motion, "[w]hen the district court denies § 2255 relief without an evidentiary hearing, the nature of the court's ruling is akin to a ruling on a motion for summary judgment." *United States v. Poindexter*, 492 F.3d 263, 267 (4th Cir. 2007). Summary

judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment bears the initial burden of demonstrating the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate with specific evidence that there exists a genuine issue of material fact requiring trial. *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986).

"[A]t the summary judgment stage the [court's] function is not [itself] to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue [of fact]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). In a § 2255 proceeding, the court must "review the facts in the light most favorable to the § 2255 movant." *Poindexter*, 492 F.3d at 267. Nevertheless, "permissible inferences must still be within the range of reasonable probability, . . . and it is the duty of the court to [grant summary judgment] when the necessary inference is so tenuous that it rests merely upon speculation and conjecture." *Lovelace v. Sherwin–Williams Co.*, 681 F.2d 230, 241 (4th Cir. 1982) (quotations omitted).

### B. Timeliness of Perry's Motion

The Government argues that the Motion should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules because he has failed to state a claim upon which relief may be granted. Specifically, the Government contends that Perry filed his motion outside the one-year statute of limitations governing Section 2255 claims. Ordinarily, a court will not address an affirmative defense such as the statute of limitations when resolving a 12(b)(6) motion. *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007). However, it may do so if all of the facts necessary to rule on the affirmative defense "clearly appear on the face of the complaint." *Id.* In

this case, the Motion to Vacate contains sufficient information to establish that Perry's Motion was not filed in a timely manner.

Motions brought pursuant to 28 U.S.C. §2255 are subject to a one-year statute of limitations. The limitations period runs from the latest of four possible dates:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Because he did not file a direct appeal, Perry's judgment became final when his time to appeal expired on November 29, 2006. *See* Fed. R. App. P. 4(b); *Clay v. United States*, 537 U.S. 522, 524–25 (2003) (holding conviction becomes final after the time period to appeal or seek review has expired); *United States v. Sanders*, 247 F.3d 139, 142 (4th Cir. 2001) (stating that "since [petitioner] did not file a direct appeal, his conviction became final for purposes of § 2255 subsection (1)," on the date "upon which he declined to pursue further direct appellate review"). Accordingly, to be considered timely, Perry's Motion to Vacate needed to be filed on or before November 29, 2007. He did not file his Motion to Vacate, however, until February 26, 2013, which means that the statute of limitations bars his claim for relief.

C.  Equitable Tolling

Perry does not attempt to argue that his Motion to Vacate is timely under § 2255(f). Instead, he attempts to avoid the effects of his untimely filing by relying on the doctrine of equitable tolling. Pet. Mot. at 13, D.E. 48. He argues that the *Simmons* decision represented a change in Fourth Circuit precedent that amounted to an "extraordinary circumstance beyond [his] control." *Id.*

The Supreme Court has held that a petitioner is entitled to equitable tolling of AEDPA's limitations period if: (1) he has been pursuing his rights with "reasonable diligence" and (2) some extraordinary circumstance prevented him from filing his petition in a timely manner. *Holland v. Florida*, 560 U.S. 631, 649 (2010). In order to satisfy the extraordinary circumstances prong, the petitioner must show that he was subject to (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004).

Perry claims that he is entitled to equitable tolling because he did not have a viable claim prior to *Simmons* and he filed his petition as soon as practicable after the decision issued. Pet. Resp. at 1-2, D.E. 52. However, the Fourth Circuit has squarely addressed and rejected this argument in *Whiteside v. United States*, 775 F.3d 180, 186 (4th Cir. 2014) (*en banc*). In *Whiteside*, the petitioner claimed he was entitled to equitable tolling because "he was prevented from timely filing by the unfavorable precedent that would have governed his claim had he sued prior to *Simmons*." *Id.* at 185. After reviewing other cases discussing futility in the context of § 2255 claims, the Court of Appeals concluded that "[e]quitable tolling thus may not be applied where, as here, the only impediment to timely filing was the discouragement felt by petitioner when calculating his odds of success." *Whiteside*, 775 F.3d at 186. Thus, Perry's argument that

he is entitled to equitable tolling on the basis of *Simmons* is without merit and his petition should be dismissed as untimely.

### D. Plea Waiver

Even if Perry's Motion to Vacate were filed in a timely manner, the Government argues that the court does not have jurisdiction to hear Perry's claim because Perry waived his right to collaterally attack his sentence. Gov. Mot. at 12, D.E. 51. The Fourth Circuit has held that a defendant may waive the right to collaterally attack his conviction and sentence, so long as the waiver is knowing and voluntary. *United States v. Lemaster*, 403 F.3d 216, 220 (4th Cir. 2005). The court must enforce a waiver in a plea agreement "if it is valid and the issue appealed is within the scope of the waiver." *United States v. Copeland,* 707 F.3d 522, 528 (4th Cir. 2013) *cert. denied*, 134 S. Ct. 126, 187 L. Ed. 2d 89 (2013). This rule applies equally to waiver of direct-appeal rights and waiver of collateral-attack rights. *Lemaster,* 403 F.3d at 220 (4th Cir. 2005).

Typically, a petitioner will raise one of two arguments when confronted with the argument that his claims are barred by a waiver contained in a plea agreement: (1) the waiver was not entered into knowingly and voluntarily; or (2) the issues raised in the petition fall do not within the scope of the waiver. *Id.* at 220 & n. 2. Resolving disputes over the validity and scope of a § 2255 waiver typically requires the court to examine the terms of the plea agreement between the parties, transcripts from the petitioner's plea hearing and sentencing, and the nature of the claims advanced in support of the petitioner's claim for relief. "Generally, if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *Copeland,* 707 F.3d at 528 (quoting *United States v. Thornsbury,* 670 F.3d 532,

537 (4th Cir. 2012)). With respect to the scope of a plea waiver, the Fourth Circuit has held that a *Simmons* claim based upon improper sentencing enhancement falls within the scope of a plea agreement waiving the right to contest the conviction or the sentence on appeal and in a post-conviction proceeding. *Id.* at 525, 529.

The court will begin by determining whether Perry knowingly and voluntarily waived his right to collaterally attack his sentence and, if that question is resolved against him, determine whether his claims are encompassed in the terms of the waiver.

Perry does not argue directly that his waiver is unenforceable because he did not knowingly and voluntarily enter it. Rather, his counsel argues that his waiver *might* be unenforceable if the court neglected to counsel Perry on his waiver during the Rule 11 hearing. Pet. Resp. at 4, D.E. 52. The record, however, demonstrates that Perry knowingly and voluntarily waived his right to appeal or collaterally attack his sentence.

The plea agreement, which Perry signed, contained a provision regarding waiver of his appellate and collateral attack rights. D.E. 17. Specifically, Perry agreed "[t]o waive knowingly and expressly all rights … to appeal whatever sentence is imposed, including any issues that relate to the establishment of the advisory Guideline range…." Plea Agr. ¶ 2(c), D.E. 17. The plea agreement only preserved his "right to appeal from a sentence in excess of the applicable advisory Guideline range that is established at sentencing…." (*Id.*)

Similarly, Perry agreed to give up "all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255…." *Id.* Only claims of "ineffective assistance of counsel or prosecutorial misconduct not known to" Perry at the time of his plea were spared from this blanket waiver. *Id.*

The court questioned Perry regarding the terms of his plea agreement at his arraignment on August 10, 2006. Tr. 24-31, D.E. 53. Perry stated that he understood that his plea agreement waived his right to appeal his sentence except for an upward departure from the Guideline range and to contest his sentence in a post-conviction proceeding "except upon the grounds of ineffective assistance of counsel or prosecutorial misconduct . . . ." *Id.* at 29-30. The court found that Perry had a full and complete understanding of the nature of the charges and that his plea was voluntary. *Id.* at 31.

The court again counseled Perry on the fact that he waived most of his appellate rights during his sentencing hearing on November 15, 2006. Tr. 12, D.E. 54. In addition, the court informed Perry that if he believed that his waiver of his appellate and collateral attack rights was unenforceable, then he could present that theory to the appellate court. *Id.*

Based on the foregoing evidence in the record, therefore, Perry may not now evade the consequences of his waiver by claiming that it was not knowing and voluntary. The record shows that Perry knowingly and voluntarily entered his plea agreement and was presented with an opportunity to attack the validity of that agreement on appeal. By deciding not to pursue an appeal, Perry implicitly acknowledged that he knowingly and voluntarily accepted the terms of his plea agreement.

Perry also argues that the Fourth Circuit's decision in *Simmons* exceeds the scope of his waiver. *Id.* at 6. He contends that the potential significance of *Simmons* for a recalculation of Perry's sentence is sufficiently drastic that the court should disregard Perry's waiver in the interests of justice. *Id.* Discussing a *Simmons* claim exactly like the one offered by Perry, however, the Fourth Circuit found that such a claim was within the scope of a plea agreement waiving the right to contest the conviction or the sentence on appeal and in a post-conviction

proceeding. *Copeland*, 707 F.3d at 525, 529. The Court of Appeals held that a petitioner "cannot invalidate his appeal waiver now to claim the benefit of subsequently issued case law." *Id.* at 529. Under this precedent, therefore, this court is compelled to deny that Perry's *Simmons* claim falls outside the scope of his valid appeal waiver. *See id.*

Perry's *Simmons* claim is based upon an enhancement to his sentencing guidelines range within the maximum penalty provided by statute. Thus, Perry's *Simmons* claim falls within the scope of his plea waiver and is barred from further consideration. Accordingly, the undersigned recommends that the court deny Perry's Motion to Vacate and grant the Government's Motion to Dismiss.

### E.    Conclusion

At the time of Perry's sentencing, the court correctly designated Perry a career offender. Pet. Mot. at 2, D.E. 47. Furthermore, he was sentenced to 202 months of incarceration – a sentence well within the calculated Guidelines range of 188-235 months. *Id.* Perry fails to produce any precedent that moves the court to reconsider his valid sentence even though his claim is untimely and procedurally barred by the waiver contained in his plea agreement. For the reasons discussed above, therefore, the undersigned recommends that the court deny Perry's Motion to Vacate (D.E. 48) and grant the Government's Motion to Dismiss (D.E. 50).

Furthermore, the court directs that the Clerk of Court serve a copy of this Memorandum and Recommendation on petitioner. Petitioner shall have until 14 days after service of the Memorandum and Recommendation to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a *de novo* determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the

Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If petitioner does not file written objections to the Memorandum and Recommendation by the foregoing deadline, petitioner will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, petitioner's failure to file written objections by the foregoing deadline will bar him from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation.** *See Wright v. Collins*, **766 F.2d 841, 846-47 (4th Cir. 1985).**

Dated: July 21, 2015

*Robert T Numbers II*
ROBERT T. NUMBERS, II
UNITED STATES MAGISTRATE JUDGE